SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ENDORSED
FILED IN MY OFFICE THIS

JUL 1 8 2011

CLERK DISTRICT COURT

DOROTHY MARES, Individually and
as Parent and Next Friend, of BRIANNA MONTERO,
a minor, and CEARA MONTERO,

      Plaintiff,

v.

No. CV 2011 07037

TAUNE SHORTT and AMERICAN
AUTOMOBILE ASSOCIATION,

      Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW the Plaintiffs, Dorothy Mares, Individually and as Parent and Next Friend of Brianna Montero, and Ceara Montero, by and through their attorneys of record, **LAW OFFICES OF FELICIA C. WEINGARTNER, P.C.** (Felicia C. Weingartner) and for their causes of action state as follows:

1. That at all times material hereto, the Plaintiff Dorothy Mares, was a resident of McIntosh, Torrance County and State of New Mexico.

2. That at all times material hereto, the Plaintiff Ceara Montero, was a resident of McIntosh, Torrance County and State of New Mexico.

3. That at all times material hereto, the Plaintiff Dorothy Mares, was the natural mother and legal guardian of Brianna Montero, a minor, and both were residents of McIntosh, Torrance County and State of New Mexico.

4. Upon information and belief that at all times material hereto, the Defendant Taune Shortt was a resident of the state of California.

EXHIBIT A

5. At all times material hereto, Defendant American Automobile Association ("AAA") was a corporation doing business in New Mexico. The New Mexico Superintendent of Insurance, Morris J. Chavez, is its agent for service of process and can be served at 1120 Paseo de Peralta, Santa Fe, New Mexico, 87501.

6. Jurisdiction and venue are proper pursuant to NMSA 1978 §38-3-1.

7. That on or about November 18, 2008 Dorothy Mares was driving a 2003 Chevrolet on Interstate 40 west of the Wyoming Boulevard exit in Albuquerque, Bernalillo County State of New Mexico.

8. That on or about the same aforesaid date and occasion, Defendant Shortt was traveling behind Plaintiff Dorothy Mares in a 2004 Chevrolet, when she failed to bring her vehicle to s top, colliding with the rear portion of Plaintiff Dorothy Mares' vehicle.

9. That Plaintiffs suffered damages as a result of the negligent acts and omissions of Defendant Shortt. Such negligence of Defendant Shortt included but is not limited to the following:

    a. NMSA 1978, § 66-8-114 (1978) Careless Driving,

    b. NMSA 1978, § 66-7-113 (1978) Following Too Closely.

10. At the time of the collision, Defendant Taune Shortt was insured with AAA. Said insurance was provided to Defendant Shortt by Defendant AAA as required by New Mexico's Mandatory Financial Responsibility Act, NMSA 1978, § 66-5-201 (1983), for the benefit of the public, including Plaintiffs.

11. That Plaintiffs suffered injury and damages as a result of the negligent acts and omissions of Defendant Shortt.

## COUNT I - NEGLIGENCE OF DEFENDANT SHORTT
## DOROTHY MARES

12. Plaintiffs incorporate by reference paragraphs 1 through 11 as though set forth fully herein.

13. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Dorothy Mares has suffered serious injuries, incurred medical and other related expenses, and will incur medical and related expenses in the future.

14. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Dorothy Mares has and continues to sustain pain and suffering and emotional distress.

15. As a further direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Dorothy Mares has suffered and will continue to suffer loss of recreation and of enjoyment of life.

16. All of the injuries to Plaintiff relating to this accident, past, present, and future were, are, and will be due to the negligence and carelessness of Defendant Shortt, without any contributing negligence on the part of the Plaintiff.

WHEREFORE, Plaintiff Dorothy Mares requests that this Court enter judgment in favor of Plaintiff Dorothy Mares and against Defendant Shortt for compensatory damages in an amount to be determined at trial, for costs, for pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

## COUNT II - NEGLIGENCE OF DEFENDANT SHORTT
## BRIANNA MONTERO

17. Plaintiffs incorporate by reference paragraphs 1 through 16 as though set forth fully herein.

18. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Brianna Montero has suffered serious injuries, incurred medical and other related expenses, and will incur medical and related expenses in the future.

19. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Brianna Montero has and continues to sustain pain and suffering and emotional distress.

20. As a further direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Brianna Montero has suffered and will continue to suffer loss of recreation and of enjoyment of life.

21. All of the injuries to Plaintiff relating to this accident, past, present, and future were, are, and will be due to the negligence and carelessness of Defendant Shortt, without any contributing negligence on the part of the Plaintiffs.

WHEREFORE, Plaintiff Dorothy Mares requests that this Court enter judgment in favor of Plaintiff Dorothy Mares, as Parent and Next Friend of Brianna Montero, a minor and against Defendant Shortt for compensatory damages in an amount to be determined at trial, for costs, for pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

### COUNT III - NEGLIGENCE OF DEFENDANT SHORTT
### CEARA MONTERO

22. Plaintiffs incorporate by reference paragraphs 1 through 21 as though set forth fully herein.

23. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Ceara Montero has suffered serious injuries, incurred medical and other related expenses, and will incur medical and related expenses in the future.

24. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Ceara Montero has and continues to sustain pain and suffering and emotional distress.

25. As a further direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiff Ceara Montero has suffered and will continue to suffer loss of recreation and of enjoyment of life.

26. All of the injuries to Plaintiff relating to this accident, past, present, and future were, are, and will be due to the negligence and carelessness of Defendant Shortt, without any contributing negligence on the part of the Plaintiffs.

WHEREFORE, Plaintiff Dorothy Mares requests that this Court enter judgment in favor of Plaintiff Ceara Montero and against Defendant Shortt for compensatory damages in an amount to be determined at trial, for costs, for pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE – AAA

27. Plaintiffs incorporate by reference paragraphs 1 through 26 as though set forth fully herein.

28. Defendant AAA is liable for the acts and/or omissions of Defendant Shortt as the provider of liability insurance as required by the New Mexico Mandatory Financial Responsibility Act.

29. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiffs Dorothy Mares, Brianna Montero and Ceara Montero have suffered serious injuries, incurred medical and other related expenses, and will incur medical and related expenses in the future.

30. As a direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiffs Dorothy Mares, Brianna Montero and Ceara Montero have and continue to sustain pain and suffering and emotional distress.

31. As a further direct and proximate result of the negligence and acts and/or omissions of Defendant Shortt, Plaintiffs Dorothy Mares, Brianna Montero and Ceara Montero have suffered and will continue to suffer loss of recreation and of enjoyment of life.

32. All of the injuries to Plaintiff relating to this accident, past, present, and future were, are, and will be due to the negligence and carelessness of Defendant Shortt, without any contributing negligence on the part of the Plaintiffs.

WHEREFORE, Plaintiff Dorothy Mares, Individually and as parent and Next Friend of Brianna Montero, and Ceara Montero requests that this Court enter judgment in favor of Plaintiffs and against Defendant AAA for compensatory damages in an amount to be determined at trial, for costs, for pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF
FELICIA C. WEINGARTNER, P.C.**
Post Office Box 7627
Albuquerque, New Mexico 87194
(505) 842-8057 telephone
(505) 843-7129 facsimile

By: _____
Felicia C. Weingartner, Esq.

**ATTORNEYS FOR PLAINTIFFS**